**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST SAINT LOUIS DIVISION**

| | |
|---|---|
| **ROCHELLE ENDRES, Individually and On Behalf of All Others Similarly Situated,** | |
| **PLAINTIFFS** | |
| **v.** | CASE NO. _____ |
| **WAL-MART STORES, INC.; NUTEK DISPOSABLES, INC.; and FIRST QUALITY ENTERPRISES, INC.,** | **JURY TRIAL DEMANDED** |
| **DEFENDANTS.** | |

## CLASS ACTION COMPLAINT

Plaintiff Rochelle Endres (hereinafter "Plaintiff"), by Counsel, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant Wal-Mart Stores, Inc. (hereinafter "Wal-Mart"), Nutek Disposables, Inc. (hereinafter "Nutek"), and First Quality Enterprises, Inc. (hereinafter "First Quality"). In support thereof, Plaintiff alleges as follows:

### INTRODUCTION

1.     Defendant Wal-Mart Stores, Inc., doing business as Sam's Club, announced on Oct. 10, 2014 that it was recalling baby wipes and other products sold under the Simply Right brand name ("the Products") at U.S. retail stores due to a risk of bacterial infection.

2.     Plaintiff, Rochelle Endres, purchased a package of the Products in question at a Sam's Club retail store, and subsequently became ill due to a bacterial infection that is consistent with the illness described in the recall.

3.      The Products that are the subject of the recall were designed, marketed, manufactured, distributed and sold by Defendants Nutek, First Quality, and Wal-Mart across the United States, including in Illinois.

4.      In particular, on October 10, 2014, Sam's Club sent an email and/or letter to consumers, including Plaintiff, alerting them that the Products in question may be tainted with the bacteria Burkholderia cepacia:

October 10, 2014

**Simply Right Baby Wipes**

The safety of our members and their families is a top priority at Sam's Club. Our supplier, Nutek Disposables, Inc., has advised us that some Simply Right branded baby wipes offered for sale at Sam's Clubs beginning June 30th of this year may be contaminated with B. cepacia bacteria. According to the Centers for Disease Control, this bacteria "poses little medical risk to healthy people. However, people who have certain health problems like weakened immune systems or chronic lung diseases, particularly cystic fibrosis may be more susceptible to infections with B. cepacia." As soon as we learned that some of these baby wipes may not meet our safety and quality standards, we voluntarily directed all clubs to remove the product from our shelves and website and placed an electronic block at our registers so the item can't be purchased. We continue to work with our supplier to quickly understand the facts and necessary next steps. Any consumer who purchased affected product should discontinue further use and promptly return any remaining product to Sam's Club for a full refund. Consumer Contact: Contact Sam's Club toll-free at (888) 746-7726 from 7 a.m. to 8 p.m. CT Monday through Friday, 9 a.m. to 5 p.m. CT Saturday, and 10 a.m. to 6 p.m. CT Sunday or anytime online at SamsClub.com- Sam and then click "Contact Us" for more information.

Sincerely,
Walmart Product Safety and Compliance

## PARTIES

5.      Plaintiff Rochelle Endres is a citizen of the State of Alabama, residing in Jefferson County, Alabama.

6.      During all times relevant to this complaint, beginning on June 30, 2014, and continuing until Oct. 10, 2014, Plaintiff purchased boxes of 900-count Simply Right baby wipes at a Sam's Club retail location in Birmingham, Alabama, for use in her household and for the care of her minor daughter.

7.      Plaintiff became sick due to a sudden infection in September 2014, the symptoms of which are consistent with the risks outlined in the recall.

8.      Plaintiff's symptoms are also consistent with warnings and health bulletins published by the U.S. Centers for Disease Control and Prevention, including that Burkholderia cepacia may cause severe respiratory infections, pneumonia and nosocomial infections.[1]

9.      Plaintiff later received a letter in October 2014 stating that the baby wipes had been recalled and that any unused wipes should be returned to the store.

10.      Defendant Wal-Mart is a corporation organized under the laws of Delaware, and having its principal place of business in Bentonville, Arkansas. Wal-Mart does business as Sam's Club, a membership-based retail warehouse. Through its Sam's Club chain stores, Wal-Mart sold the tainted and recalled Products throughout the United States, including in the Southern District of Illinois.

11.      Defendant Nutek is a Pennsylvania corporation with its principle place of business in Pennsylvania. At all times mentioned herein, Defendant Nutek Disposables, Inc. manufactured, designed, and distributed the Products to retailers including Wal-Mart.

12.      Defendant First Quality is a corporation organized under Delaware law with its principal place of business in Long Island, New York. First Quality was the parent and owner of

---

[1] Burkholderia cepacia in Healthcare settings, *Centers for Disease Control and Prevention*, available at http://www.cdc.gov/HAI/organisms/bCepacia.html#a3 (last visited Oct. 22, 2014).

Nutek.

## JURISDICTION AND VENUE

13.     This action is within the original jurisdiction of this Court pursuant to 28 U.S.C. §
1332(d)(2). Plaintiff and Defendants are citizens of different states and the amount in
controversy in this class action in the aggregate exceeds $5,000,000, exclusive of interest and
costs.

14.     Defendant Wal-Mart maintains offices and agents, including Sam's Club stores,
in the Southern District of Illinois, as part of its usual and customary business. Thus, this Court
has personal jurisdiction over Defendants.

15.     Venue is proper in the Southern District of Illinois pursuant to 28 U.S.C. § 1391
(a)(2) and (a)(3). Defendants reside in the Southern District of Illinois because Defendants are
subject to personal jurisdiction in the Southern District of Illinois.

## CLASS ACTION ALLEGATIONS

16.     Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this class action on behalf of the
following class:

> **All residents of the United States who purchased a Simply Right recalled
> baby wipe Product at a Wal-Mart Sam's Club retail location in the United
> States from June 30, 2014 to October 10, 2014 (the "Class").**

17.     Excluded from the Class are: Defendants, its officers, directors and employees,
and any entity in which any Defendant has a controlling interest, the agents, affiliates, legal
representatives, heirs, attorneys at law, attorneys in fact or assignees thereof, and the Court.

18.     Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), at least
one Class member is of diverse citizenship from Defendant; there are more than 100 Class

members nationwide; and the aggregate amount in controversy exceeds $5,000,000.

19.     Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Class. Plaintiff will formally define and designate a class definition when they seek to certify the Class alleged herein.

20.     **Ascertainable Class:** The Class is ascertainable in that each member can be identified using information contained in Defendant Wal-Mart Stores, Inc.'s records.

21.     **Common Questions of Law or Fact Predominate:** In accordance with Fed. R. Civ. P. 23(2), there are questions of law and fact common to the Class and which predominate over any individual issues.  Common questions of law and fact include, without limitation:

      a.     Whether the Products are, or were, defective;

      b.     Whether Defendants owed a duty to the class members under the applicable statutes and law;

      c.     Whether Defendants knew the Products were defective when offered for sale to the public;

      d.     Whether Defendants misled consumers and concealed defects in the Products.

      e.     Whether Defendant violated consumer protection statutes of Illinois and other states as described in more detail below;

      f.     Whether Defendant was unjustly enriched by its sale of the defective and recalled Products to consumers.

      g.     Whether members of the Class have suffered damages.

      h.     Whether Defendant has breached the express or implied warranties for the

Products, or the provisions of the Magnuson-Moss Warranty Act, when they are used for their intended purpose.

     i.      Defendant's vicarious liability for the actions of its employees;

     j.      The extent of damages caused by Defendant's willful violations.

     k.      The type of damages and restitution that should be granted to Plaintiff and members of the Class.

     l.      Whether Defendants breached the Implied Warranty of Merchantability as set forth in the Uniform Commercial Code;

     m.      Whether Defendants breached the Implied Warranty of Fitness.

     n.      Whether Plaintiff and the Class are entitled to compensatory damages, restitution, and the amounts thereof respectively against Defendants;

     o.      Whether Defendants be ordered to disgorge, for the benefit of Plaintiff and the Class, all or part of its ill-gotten profits received from the sale of the Products, and/or to make full restitution to Plaintiff and the Class members.

22.    **Numerosity:** In accordance with Fed. R. Civ. P. 23(1), the Class is so numerous that joinder of all members is impracticable.  While the exact number is not known at this time, it is generally ascertainable by appropriate discovery, and it is believed the class includes tens of thousands of members.

23.    **Typicality:** Plaintiffs claims are typical of those of the other Class members because Plaintiff, like every other Class member, was exposed to virtually identical conduct.

24.    **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests

of the Class in that they have no disabling conflicts of interest that would be antagonistic to those of the other members of the Class. Plaintiff seeks no relief that is antagonistic or adverse to the members of the Class and the infringement of the rights and the damages they have suffered are typical of all other Class members.

25.     Plaintiff has retained competent counsel, experienced in class action litigation and consumer protection law.

26.     **Superiority:** In accordance with Fed. R. Civ. P. 23(b), *et seq*, the class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of individual citizens of the United States to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that numerous individual actions would require. The exact number of United States consumers who purchased the Products can be obtained through discovery and from Defendant's business records; Class action treatment also will permit the adjudication of relatively small claims by certain class members, who could not individually afford to litigate a complex claim against a large corporate defendant. Further, even for those class members who could afford to litigate such a claim, it would still be economically impractical, as the cost of litigation is almost certain to exceed any recovery they would obtain.

27.     The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and the Class for the wrongs alleged because Defendants would

necessarily gain an unconscionable advantage since they would be able to exploit and

overwhelm the limited resources of each individual Class member with vastly superior financial

and legal resources; the costs of individual suits could unreasonably consume the amounts that

would be recovered; proof of a common course of conduct to which Plaintiff was exposed is

representative of that experienced by the Class and will establish the right of each member of the

Class to recover on the cause of action alleged; and Individual actions would create a risk of

inconsistent results and would be unnecessary and duplicative of this litigation.

## COUNT I
## (BREACH OF EXPRESS WARRANTY)

28.    Plaintiff repeats, realleges, and incorporates by reference each of the foregoing

paragraphs of this Complaint as if fully set forth herein.

29.    Defendant was and is at all relevant times a "merchant" within the meaning of the

Uniform Commercial Code ("UCC").

30.    Defendants manufactured, distributed, and marketed the Simply Right baby wipe

and diaper Products, which are "goods" within the meaning of the UCC and other applicable

commercial codes.

31.    In connection with the sale of the Products, Defendant made the following

express warranties to consumers, as defined under the UCC, and other applicable state

commercial codes, which offer objective descriptions of the Products, and inform the consumer

of the specific functions the Products were designed to perform, including that they are

"Hypoallergenic and cotton enhanced" and "(g)reat for adult care, baby care and growing kids."

Defendants also expressly warranted that "The wipes have been specially designed so that the

outer two layers are quilted and cotton enhanced for excellent cleaning, while being gentle to the skin."[2]

32.     The Products were not altered by Plaintiff or class members.

33.     The Products were defective when they left the exclusive control of Defendants.

34.     Defendants Nutek and First Quality breached the above express warranties by failing to satisfy its obligations under the express warranty, because the Products were in fact not suitable for cleaning, because they were tainted with harmful bacteria.

35.     If it attempts to limit the remedies to which Plaintiff and members of the proposed Class are entitled, or the period within which to bring claims, Defendant is estopped by its direct misrepresentations to consumers regarding the nature of the Products. In addition, and in the alternative, any such limitation is unconscionable and void based on Defendant's knowledge of the defect at the time of sale, and because any such limitation creates a warranty that fails of its essential purpose. By virtue of the defective design or manufacture, Defendant knew or should have known that the Products were at all times defective, including at the time Plaintiff and Class members purchased the Products.

36.     As a direct and proximate cause of Defendant's breach of express warranties, Plaintiff and Class members have sustained damages, an economic loss equal to the total purchase price of these unfit products, or the difference in value between the Products as warranted and the Products as actually sold, as well as consequential and incidental damages, in the aggregate, in excess of $5 million.

### COUNT II

---

[2] Sam's Club, *Product Description for Simply Right Baby Care Premium Wipes – 900 Ct.*, available at http://www.samsclub.com/sams/sr-baby-wipes-900-ct/prod7510185.ip (last visited Oct. 22, 2014).

**(BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY)**

37.　　Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

38.　　Defendants, as the designer, manufacturer, marketer, distributor, and/or seller of the Products, impliedly warranted that the Products were of merchantable quality and, among other warranties, that the Products would pass without objection in the trade or industry, and were fit for the ordinary purpose for which Products are used, such as cleaning household surfaces and cleaning of the skin for babies, children, and adults.

39.　　Because of the Products problems, as described in the recall announcement, the Products cannot perform their ordinary purpose and would not pass without objection in the trade and industry.

40.　　Defendant breached its implied warranties by selling, marketing, and promoting Products with a defect that consisted of harmful or hazardous bacteria.

41.　　Any language used by Defendant to attempt to exclude or limit the availability of implied warranties, remedies, or the period within which to bring claims, is barred by its direct misrepresentations to consumers regarding the existence and nature of the defect. In addition, and in the alternative, any such limitation is unconscionable and void because of Defendant's knowledge of the defect at the time of sale, it fails to conform to the requirements limiting implied warranties under applicable law, and because any such limitation creates a warranty that fails of its essential purpose. By virtue of the defective design or manufacture, Defendant knew or should have known that the Products were at all times defective, including at the time Plaintiff and Class members purchased the product.

42.     As a direct and proximate cause of Defendant's breach of implied warranties, Plaintiff and Class members have sustained damages, an economic loss equal to the total purchase price of these unfit products, or the difference in value between the Products as warranted and the Products as actually sold, as well as consequential and incidental damages for exposure to harmful bacteria and an increased risk of adverse health effects, in the aggregate, in excess of $5 million.

**COUNT III**
**(BREACH OF IMPLIED WARRANTY OF FITNESS**
**FOR A PARTICULAR PURPOSE)**

43.     Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

44.     Defendant marketed, distributed, and sold the Products with implied warranties that they were fit for the particular purpose of cleaning household surfaces and cleaning the skin of babies, children, and adults At the time the Products were sold, Defendants knew, or should have known, that Plaintiff and Class members would rely on Defendant's skill and judgment regarding the efficacy and quality of the Products, including its cleaning properties.

45.     In reliance on Defendant's skill and judgment and the implied warranties of fitness for a particular purpose, Plaintiff and Class Members purchased the Products.

46.     The Products were manufactured or designed defectively, and delivered to consumers as such. Therefore, they were defective immediately upon purchase when it left the exclusive control of Defendants, and Defendants breached the implied warranty of fitness for a particular purpose to Plaintiff and all Class members. Any language used by Defendant to attempt to limit the availability of implied warranties, remedies, or the period within which to

bring claims, is barred by its direct misrepresentations to consumers regarding the nature of the defect. In addition, and in the alternative, any such limitation is unconscionable and void because of Defendant's knowledge of the defect at the time of sale, it fails to conform to the requirements limiting remedies under applicable law, and because any such limitation creates a warranty that fails of its essential purpose. By virtue of the defective design or manufacture, Defendant knew or should have known that the Products were at all times defective, including at the time Plaintiff and Class members purchased the product.

47.    As a direct and proximate cause of Defendant's breach of implied warranties, Plaintiff and Class members have sustained damages, an economic loss equal to the total purchase price of these unfit products, or the difference in value between the Products as warranted and the Products as actually sold, as well as consequential and incidental damages, including exposure to harmful bacteria and increased risk of adverse health consequences, in the aggregate, in excess of $5 million.

**COUNT IV**
**(VIOLATION OF THE MAGNUSON MOSS WARRANTY ACT)**

48.    Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

49.    The Magnuson-Moss Consumer Products Warranties Act, 15 U.S.C. §§ 2301, *et seq.*, provides a private right of action by purchasers of consumer products against manufacturers or retailers who fail to comply with the terms of an express or implied warranty. See 15 U.S.C. § 2310(d)(1). As demonstrated herein, Defendant failed to comply with the terms of its express and implied warranties with regard to the defective Products.

50.     The baby wipe and diaper Products are "consumer products" as that term is defined in § 2301(1) of the Magnuson-Moss Warranty Act, because they are tangible property held for sale to consumers for household purposes.

51.     Plaintiff and members of the proposed Class are "consumers," as that term is defined in § 2301(3) of the Magnuson-Moss Warranty Act.

52.     Defendant is a "warrantor," as that term is defined in § 2301(5) of the Magnuson-Moss Warranty Act. Defendant offered express and implied warranties on its products that put Defendant in privity with Plaintiff and the Class.

53.     Defendant's written affirmations of fact, promises and/or descriptions, as alleged herein, are "written warranties" within the meaning of § 2301(6) of the Magnuson-Moss Warranty Act.

54.     Defendant's "implied warranties" are within the meaning of § 2301(7) of the Act.

55.     The Plaintiff and members of the Class notified Defendant of its breach of express warranties prior to the filing of this Complaint, including through attempting to return the recalled Products, and to obtain replacements or reimbursement from Defendant.

56.     Defendant was given a reasonable opportunity to cure its failure to comply with express and implied warranties. However, Defendant's "cures" were inadequate and did not fully address the injuries complained of herein.

57.     As a direct and proximate result of Defendant's breaches of the Magnuson- Moss Warranty Act, Plaintiff and Class members have sustained damages, an economic loss equal to the total purchase price of these unfit products, or the difference in value between the Products as warranted and the Products as actually sold, as well as consequential and incidental damages,

including exposure to harmful bacteria and increased risk of adverse health consequences.

**COUNT V**
**(VIOLATION OF STATE CONSUMER PROTECTION LAWS)**

58.     Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

59.     Plaintiff, in addition to the claims alleged above, brings this claim individually and on behalf of all Class members. Each of the members of the Class brings this claim on their own behalf under the law of the state in which they reside and purchased the relevant Products at a Sam's Club location in the United States, and on behalf of each of the members of the Class residing in and having purchased Products in the same state as they did.

60.     Plaintiff and Class members are consumers, purchasers, or other persons entitled to the protection of the consumer protection laws of the state in which they reside and purchased the Products.

61.     The consumer protection laws of the state in which Plaintiff and each Class member resides and purchased the Products declares that unfair or deceptive acts or practices in the conduct of trade or commerce are unlawful. Defendant violated the consumer protection laws of all states in the same manner as described above.

62.     All of the consumer protection states have enacted statutes designed to protect consumers against unfair, deceptive, fraudulent, and unconscionable trade and business practices and false advertising that further allow consumers to bring private or class actions.[3]

---

[3] These statutes include, but are not limited to, the following:  Alabama: Ala. Code § 8-19-5(5), (7), (27); Alaska: Alask. Stat. § 45.50.471(b)(4), (6), (11), (12); Arizona: Ariz. Rev. Stat. Ann. § 44-1522; Arkansas: Ark. Code Ann. § 4-88-107(a)(1), (10); § 4-88-108; Colorado: Colo. Rev. Stat. Ann. § 6-1-105(e); Connecticut: Conn. Gen. State. Ann. § 42-110b; Delaware: 6 Del. Code § 2513(a); District of Columbia: D.C. Code § 28-3904(e); Florida: Fla. Stat. § 501.204(1); Georgia: Ga. Code Ann. § 10-1-370; § 10-1-393(a); Hawaii: Haw. Rev. Stat. §§ 480-2(a); 481A-3;

63.     By reason of such violations and pursuant to the above-listed consumer protection statutes, Plaintiff and members of the proposed Class are entitled to recover all of the monies paid for the defective Products; to be compensated for the lost value arising out of the use of the product; and to recover any and all consequential damages recoverable under the law including, but not limited to, exposure to harmful bacteria, increased risk of adverse health consequences, medical expenses, past and future lost wages, loss of consortium, and other losses.

64.     Privity existed between Plaintiff and Defendant, and between Class members and Defendant.

65.     In connection with the sale of the Products to both Plaintiff and members of the proposed Class, Defendant, through its employees, agents and representatives, violated consumer protection statutes by engaging in the following unfair or deceptive acts or practices; failing to disclose that the Products were tainted with harmful bacteria; and failing to adequately and fully compensate consumers.

---

Idaho: Idaho Code § 48-603(5), (7), (17), (18); Illinois: 815 ILCS 505/2; 815 ILCS 510/2(a)(5), (a)(7), (a)(12); Indiana: Ind. Code § 24-5-0.5-3(a)(1), (a)(2); Iowa: Iowa Code § 714.16; Kansas: Kan. Stat. Ann. § 50-626(a); 626(b)(1)(A), (D), (F), (G); 626(b)(2), (3); Kentucky: KRS § 367.170; Louisiana: La. R. S. § 51:1405.A; Maine: Me. Rev. Stat. Ann. tit.5, § 207; Maryland: Md. Code Ann. Com. Law § 13-301(1); (2)(i); (2)(iv); (3); (9)(i); Massachusetts: Mass. Gen. Laws Ann., Ch. 93A, §§ 2, 9; Mich. Comp. Laws Ann. §§ 445.903 (3)(1)(c), (e), (s), (z), et. seq.; Minnesota: Minn. Stat. §§ 325F.69; 325D.13; 325D.44; 8.31, subd. 3a; Mississippi: Miss. Code Ann. § 75-24-5(2)(e), (g); Montana: Mont. Code. Ann. § 30-14-10; Nebraska: Neb. Rev. Stat. Ann § 59-1609; Id. at § 87-303(a); Nevada: Nev. Rev. Stat. §§ 598.0903 through 598.0999; Nev. Rev. Stat. § 41.600; New Hampshire: N.H. Rev. Stat. Ann. §§ 358-A:2; 358-A:2(V); 358-A:2(VII); New Jersey: N.J. Stat. Ann. § 56:8-2; New Mexico: N.M. Stat. Ann. § 57-12-3 and § 57-12-2 (5), (14); New York: N.Y. G.B.L. § 349(a); North Carolina: NC General Statutes §§ 75-1 et seq.; North Dakota: N.D.C.C. §§ 51-12-01, 51-15-02; Ohio: Ohio Rev. Code § 1345.02 (A), (B)(1)-(B)(2)ii.; Oklahoma: Okla. Stat. Ann. tit. 15, § 753 (2), (3), (5), (20), tit. 78, § 53; Oregon: Or. Rev. Stat. § 646.608(1)(e), (g), (t), (u); § 646.608(2); Pennsylvania: 73 Pa. Stat. Ann. § 201-3; § 201-2(4)(ii); (v); (vii); (xxi); Rhode Island: R.I. Gen. Laws § 6-13.1-2. 6-13.1-1(5)(E), (L), (M), (N); South Carolina: S.C. Code § 39-5-20(a); South Dakota: South Dakota Codified Laws § 37-24-6(1); Tennessee: Tenn. Code §§ 47-18-104(a), (b)(5), (b)(7), (b)(21), (b)(27); Texas: Tex. Bus. & Com. Code § 17.46(b)(2), (b)(3), (b)(5), (b)(7), (b)(24); Utah: § 13-11-4(1), (4)(2)(a), (4)(2)(b), (4)(2)(e), (4)(2)(i); Vermont: 9 Vt. Stat. § 2453(a); Virginia: Va. Code § 59.1-200(A)(2), (3), (5), (14); Va. Code § 59.1-683 with § 18.2-216; Washington: Wash. Rev. Code § 19.86.020; West Virginia: W.Va. Code § 46A-6-102(7)(B), (C), (E), (G), (L), (M); § 46A-6-104; Wisconsin: Wisc. Stat. § 100.18(1); Wyoming: Wyo. Stat. § 40-12-105(a)(i), (ii), (iii), (xv).

66.     As a direct and proximate result of Defendant's unfair and/or deceptive acts or practices, Plaintiff and Class were damaged.

67.     Plaintiff and members of the proposed Class are consumers within the meaning of the law.

68.     Plaintiff and the Class are entitled to equitable relief, including restitutionary disgorgement of monies unfairly, deceptively and/or unlawfully collected by Defendant and an injunction prohibiting Defendants from engaging in the same or similar practices described herein in the future.

## COUNT VI
### (FRAUD)

69.     Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

70.     Defendants have engaged in a common scheme of fraud, through which they intentionally deceived consumers by failing to disclose health risks and defects in the Products, including to Plaintiff and members of the proposed Class.

71.     Defendants perpetrated the common scheme of fraud complained of herein by omitting, or failing to disclose to Plaintiff and Class, that the Products were defective and that in many cases they were not fit for household use.

72.     Plaintiff and the Class are presumed to have justifiably relied on Defendant's omissions and failures to disclose.

73.     As a direct and proximate result of Defendant's common scheme of fraud, Plaintiff and Class were damaged.

## COUNT VII
## (UNJUST ENRICHMENT)

74.    Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

75.    To the detriment of Plaintiff and the Class, Defendants have been, and continue to be, unjustly enriched as a result of their wrongful conduct alleged herein.

76.    Plaintiff and the Class conferred a benefit on Defendant when they paid Defendant approximately for Products tainted with harmful bacteria that resulted in a value far less than the retail price.

77.    Defendants unfairly, deceptively, unjustly and/or unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Defendants to retain.

78.    Plaintiff and the Class, therefore, seek disgorgement of all wrongfully obtained profits received by Defendants as a result of their inequitable conduct as more fully stated herein.

## COUNT VIII
## DECLARATORY JUDGMENT

79.    Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

80.    An actual and justiciable controversy exists between Defendant and Plaintiff and Class.

81.    Plaintiff and Class are entitled to a declaration from this Court that Defendant's conduct is unlawful and in violation of applicable laws as described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, demands judgment as follows:

A.      A determination that this action is a proper class action for compensatory, consequential, and statutory damages as alleged herein;

B.      For pre-judgment interest from the date of filing this suit;

C.      For reasonable attorney's fees and expenses;

D.      For exemplary and punitive damages;

E.      For all costs of this proceeding;

F.      Restitution of all fees paid to Defendant in excess of what the law allows;

G.      A preliminary injunction enjoining Defendant and all others, known and unknown, from continuing to take unfair, deceptive, illegal and/or unlawful action as set forth in this Complaint; and

H.      Such other and further relief as this Honorable Court finds just and proper under the circumstances.

## JURY DEMAND

WHEREFORE, as to each of the foregoing matters, Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Respectfully Submitted,                    SULLIVAN & ASSOCIATES LLC

DATED: October 23, 2014                By:  /s/ Corey Sullivan
                                            Corey Sullivan
                                            sullivcd@gmail.com
                                            SULLIVAN & ASSOCIATES LLC
                                            1814 E. Eagle Bay Drive
                                            Bloomington, Indiana 47401

JONES WARD PLC
Jasper D. Ward IV
(*Pro Hac Vice Pending*)
Marion E. Taylor Building
312 South Fourth Street, Sixth Floor
Louisville, Kentucky 40202
P: (502) 882- 6000
F: (502) 587-2007
jasper@jonesward.com


**ATTORNEYS FOR PLAINTIFFS
AND THE PROPOSED CLASS**